972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Tyrone MANNING, Appellant.
 No. 91-3811.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1992.
Filed: July 8, 1992.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 A jury convicted Tyrone Manning of possession of an unregistered firearm in violation of 18 U.S.C. §§ 5861(d) and 5871. The district court sentenced him to forty-one months imprisonment to be followed by three years of supervised release, and ordered him to pay a special assessment of $50. The sole issue raised on appeal is whether the district court erred by refusing to instruct the jury in accordance with Manning's theory of defense. We affirm.
 
 
 2
 Manning presented a witness at trial who testified in substance that Manning had only possessed the gun momentarily and innocently. Manning requested the trial court to instruct the jury as follows:
 
 
 3
 It is Tyrone Manning's theory of the case that he possessed a sawed off shotgun temporarily and innocently. If you find: 1) that he reacted to an immediate and impending threat against him that provoked a reasonable and legitimate fear of death or serious bodily injury; 2) that he neither recklessly nor negligently placed himself in a situation where he was forced to take the shotgun from his assailants; 3) that he had no reasonable alternative to seizing the shotgun from his assailants; and 4) that his taking the sawed off shotgun from his assailants was the only way to avoid the threatened harm to his person, then you must find him not guilty.
 
 
 4
 Instead, the court instructed the jury that:
 
 
 5
 ...
 
 
 6
 The mere possession of a firearm which is required to be registered and has not been, is a violation of the laws of the United States. It is not necessary for the government to prove that the defendant knew that the weapon in his possession was a firearm within the meaning of the statute or that he knew that registration was required. It is sufficient if you find beyond a reasonable doubt that he knowingly possessed it....
 
 
 7
 ... An act or failure to act is done "knowingly" if done voluntarily and intentionally and not because of mistake or accident or other innocent reason....
 
 
 8
 The court further instructed the jury that an act is done knowingly and voluntarily and intentionally if it is not done because of mistake or accident or other innocent reason.
 
 
 9
 We find no error in the district court's instruction. It permitted Manning's counsel to argue that if the jury accepted the testimony of Manning's witness, he should be acquitted. While it certainly would not have been error to give Manning's requested instruction and while the requested instruction would have stated Manning's theory of the case more precisely, we cannot say that the instruction given failed in that regard.
 
 
 10
 Accordingly, we affirm.